UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-CR-0586-B |
| | § | |
| JUAN JOSE ONTANON-ESPINOZA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Juan Jose Ontanon-Espinoza's Motion for Compassionate Release (Doc. 67). For the reasons set forth below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

After Ontanon-Espinoza pleaded guilty to possession with intent to distribute a controlled substance, the Court sentenced him to ninety-seven months of imprisonment and two years of supervised release. Doc. 58, J., 1–3. As a condition of his supervised release, the Court ordered that upon the completion of the sentence of imprisonment, Ontanon-Espinoza be surrendered to immigration officials for deportation. *Id.* at 5. Ontanon-Espinoza, who is now forty-two years old, is serving his sentence at Giles W. Dalby Correctional Institute ("Dalby"). His scheduled release date is September 27, 2025.[1] On September 24, 2021, Ontanon-Espinoza filed the pending motion for

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed October 22, 2021).

compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 67, Mot., 1. The Court reviews Ontanon-Espinoza's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(I)).

## III.

## ANALYSIS

A.   *Ontanon-Espinoza Has Not Demonstrated Proof of Exhaustion.*

Ontanon-Espinoza's request for compassionate release is denied because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).[2]

---

[2]The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text

Ontanon-Espinoza alleges that because "Dalby is a contracted private facility . . . 'he is without any administrative remedy to exhaust.'" Doc. 67, Mot., 2 (quoting *U.S. v. Morales*, 2020 WL 2097630, at *2 n.1 (D. Conn. May 1, 2020)). But, Ontanon-Espinoza attaches to his motion a request for compassionate release that indicates it was submitted to prison staff on September 1, 2021. Doc. 67, Mot., 7. This shows that Ontanon-Espinoza, though housed in a contracted facility and not a BOP facility, has access to the administrative remedy available to an inmate housed in a BOP facility. *C.f. United States v. Barragan-Espino*, 2021 WL 2555353, at *1 (W.D. La. June 22, 2021) (finding that an inmate housed at Dalby exhausted his administrative remedies where the Warden had denied the inmate's request for compassionate release).

However, Ontanon-Espinoza does not provide proof of the warden's receipt of his request. *See* Doc. 67, Mot. Nor had thirty days elapsed between the date on which Ontanon-Espinoza claims he submitted the request and the date he filed this Motion. *See id.* at 1, 7–12. Without such evidence, Ontanon-Espinoza has not proven that he complied with the exhaustion requirement, and the Court thus **DENIES** his motion for compassionate release **WITHOUT PREJUDICE**. *See, e.g.*, *United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020) (denying compassionate release where the defendant failed to "show proof of her exhaustion of administrative remedies").

---

of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

B.      *Ontanon-Espinoza Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether Ontanon-Espinoza exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582 (c)(1)(A)(I) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it "to promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(c).[3] In particular, extraordinary and compelling circumstances may exist where "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" has occurred. *Id.* cmt. 1(C)(I). In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2). The Fifth Circuit has held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. 1(D).

does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). While not binding, § 1B1.13 and its commentary nonetheless inform the Court as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in evaluating a prisoner's motion in light of *Shkambi*'s holding).

Considering Ontanon-Espinoza's motion in light of § 1B1.13 and applying the Court's discretion, the Court concludes that  Ontanon-Espinoza has not demonstrated "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Ontanon-Espinoza argues that his wife, who has resided with his parents in Mexico and who was the primary caregiver for his parents and his younger child, recently moved away and left the child with his grandparents. Doc. 67, Mot., 1. Ontanon-Espinoza's parents are now the primary caregivers for the child, who is nine years old. *Id.* at 1, 12, Ex. B (Acta de Nacimiento). Ontanon-Espinoza's mother is 76 years old and suffers from "severe malnutrition," chronic obstructive pulmonary disease (COPD), and "limited capacity of movement." *Id.* at 1, 16. Ontanon-Espinoza's father is 87 years old and suffers from "Diabetes Type II, severe malnutrition, and hernia." *Id.* at 1, 15. Ontanon-Espinoza states that after his wife's departure, "[his] parents rel[y] on random neighbors and stranger[s] to provide . . . basic assistance[,] which places them at higher risk of contracting Covid-19." *Id.* at 1–2. Because of their underlying health conditions, he states, his parents are at risk of "death or serious illness" if they

contract Covid-19. *Id.* at 2. His parents' inability "to even care for themselves" also means that "Ontanon-Espinoza's child is left without a caretake[r]," Ontanon-Espinoza says. *Id.* at 2. These circumstances, Ontanon-Espinoza claims, warrant his release. *Id.* at 5.

Although a change in family circumstances can warrant compassionate release, Ontanon-Espinoza's present family situation does not. Under § 1B1.13, "[t]he death or incapacitation of the caregiver of [a] defendant's minor child" constitutes an extraordinary and compelling reason for release. § 1B1.13(1)(A) cmt. 1(C)(I). Though § 1B1.13 does not elaborate upon "incapacitation," the BOP has published a Program Statement that courts rely on for guidance in determining the propriety of compassionate release. *See, e.g.*, *United States v. Collins*, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (citing BOP Program Statement 5050.50). Under the Program Statement, for requests based on the incapacitation of a minor child's caregiver, "'incapacitation' means the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." BOP Program Statement 5050.50, 7. Further, the Program Statement requires an inmate to submit, among many other documents, "[l]etters or documentation that the deceased/incapacitated family member was and still is the only family member caregiver capable of caring for the inmate's minor child," and showing that "this family member was, in fact, caring for the child during the inmate's incarceration and immediately prior to the family member's . . . incapacitation." *Id.* at 8.

Though this guidance is not binding, the Court finds it relevant here and concludes that Ontanon-Espinoza is not entitled to compassionate release. As a preliminary matter, the Court lacks evidence supporting Ontanon-Espinoza's claim that his parents are the sole caregivers of his child. *See* Doc. 67, Mot., 12–14 (indicating that "one of [Ontanon-Espinoza's] older child[ren] is also living

in the household with his parents, and attaching a child's birth certificate and a marriage certificate but no proof of custody or residence). Assuming that they are, Ontanon-Espinoza's parents do not qualify as incapacitated under § 1B1.13. *See United States v. Thomas*, 2020 WL 6737872, at *3 (N.D. Tex. Nov. 16, 2020). While Ontanon-Espinoza has provided documentation of his parents' illnesses, he has not shown that both his parents' ailments are so persistent or severe that neither is physically capable of caring for the child. *See* BOP Program Statement 5050.50, 7; *see also United States v. Minafee*, 2021 WL 1865208, at *3 (N.D. Tex. May 10, 2021) (finding that medical records showing that an inmate's stepfather was 96 years old and had diabetes did not show that the stepfather was incapacitated). Nor has Ontanon-Espinoza provided evidence that no other person would be available to care for the child. *See* BOP Program Statement 5050.50, 8; *see also United States v. Aguilar-Gonzalez*, 2021 WL 1911901, at *2 (N.D. Miss. May 12, 2021) (denying compassionate release where an inmate claimed that his wife had Stage 4 cancer and was undergoing chemotherapy, and thus could no longer care for the couple's fourteen-year-old son because the inmate "provided no allegations that there is no other person to care for his son"). As a result, the Court concludes that Ontanon-Espinoza has not shown that his family circumstances are extraordinary and compelling reasons for release.

C.      *Consideration of the 18 U.S.C. § 3553(a) Factors Suggests that Compassionate Release Is Not Warranted.*

        The Court also notes that before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Due to Ontanon-Espinoza's failure to prove exhaustion of his administrative remedies and extraordinary and compelling reasons for release, the Court need not conduct a full § 3553 analysis today. Nonetheless, the Court

emphasizes that § 3553 requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A).

In Ontanon-Espinoza's case, the Court found ninety-seven months of imprisonment appropriate to serve these goals. *See* Doc. 38, J., 2. With a statutory release date of September 27, 2025, approximately forty-seven months—or forty-eight percent—of Ontanon-Espinoza's sentence remain to be served. Under these circumstances, the Court is reluctant to conclude that the § 3553 factors support compassionate release. *See Thompson*, 984 F.3d at 434 (noting that compassionate release is generally granted only "for defendants who had already served the lion's share of their sentences"). Thus, while the Court declines to foreclose compassionate release for Ontanon-Espinoza based on § 3553, the Court advises Ontanon-Espinoza that § 3553 could present an obstacle with respect to future compassionate-release requests.

## IV.

## CONCLUSION

Ontanon-Espinoza's request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Ontanon-Espinoza's motion (Doc. 67) **WITHOUT PREJUDICE**.

By denying Ontanon-Espinoza's motion without prejudice, the Court permits Ontanon-Espinoza to file a subsequent motion for compassionate release in the event he can both: (1) satisfy the exhaustion requirement and (2) provide evidence supporting a finding of extraordinary and compelling reasons for release.

SO ORDERED.

SIGNED: October 27, 2021.


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE